EJK: AEL
F.#2012R00895
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

IN THE MATTER OF AN APPLICATION FOR A SEARCH WARRANT FOR:

THE PREMISES KNOWN AND DESCRIBED AS A NOKIA CELL PHONE, MODEL 1209, SERIAL NO. 356027/03/42807/04; BSNL MOBIL PRE-PAID SIM CARD, NO. 8991661152110724326; STARHUB SIM CARD, NO. 896505110623913094; AND DTAC SIM CARD, NO. 8966181009277179327.

AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

**12 M 573**

- - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

CHRISTOPHER RAY, being duly sworn, deposes and states that he is a Special Agent with DEPARTMENT OF STATE, Diplomatic Security Services ("DSS"), duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that there is located in THE PREMISES KNOWN AND DESCRIBED AS A NOKIA CELL PHONE, MODEL 1209, SERIAL NO. 356027/03/42807/04; BSNL MOBIL PRE-PAID SIM CARD, NO. 8991661152110724326; STARHUB SIM CARD, NO. 896505110623913094; AND DTAC SIM CARD, NO. 8966181009277179327 (THE "SUBJECT DEVICES"), further described in Attachment A, things described in Attachment B, which constitute evidence, fruits and instrumentalities of misuse of passports in violation of Title 18, United States Code, Section 1544.

The source of your deponent's information and the grounds for his belief are as follows:

1. I am a Special Agent with the Department of State ("DOS"). I have been employed by DOS for eighteen months. I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for passport and visa fraud. These investigations are conducted both in an undercover and overt capacity. I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.[1]

2. I have personally participated in the investigation of the offenses discussed below. I am familiar with the facts and circumstances of this investigation from: (a) my personal participation in this investigation, (b) reports made to me by other law enforcement authorities, and (c) interviews with Chander Chawla ("the defendant"), the defendant in case number 12-M-525, currently pending in this Court.

---

[1] Because the sole purpose of this affidavit is to establish probable cause to search the SUBEJCT DEVICES, I have not set forth a description of all the facts and circumstances of which I am aware with regard to this case.

3. The SUBJECT DEVICES are currently in the custody of Customs and Border Patrol ("CBP") Officers in Queens, New York, and as set forth more fully below, were recovered in Queens from the defendant at the time of his arrest on June 4, 2012.

I. BACKGROUND

4. On or about June 3, 2012, the defendant arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, aboard Lufthansa Airlines, Flight Number 404 from Frankfurt, Germany. Upon arrival, the defendant presented an Indian passport, issued in March 2012, in the name of "CHANDER PRAKASH CHAWLA," date of birth July 13, 1971, place of birth Thane, India to a CBP Officer. The passport contained a United States Visa, Visa Foil No. Z2230697, issued by the United States Department of State Bureau of Consular Affairs in Hyderabad, India on March 20, 2012.

5. The defendant was traveling with another individual, now known as Dhara Patel, who also presented an Indian passport containing a United States visa to CBP officers. The passport was in the name of a minor child, date of birth June 10, 1999. The defendant and Dhara Patel presented themselves as father and daughter coming to the United States for a vacation. However, a records check by CBP officers indicated that the minor child had previously entered the United States on April 9, 2012, and there was no record to indicate that she had left the United

States.

6. During secondary inspection, the defendant admitted that the individual that he was traveling with was not his daughter. He stated that he was contacted by a person who offered to pay him for bringing Dhara Patel to the United States. Dhara Patel also admitted that her identity was not that of the minor child and stated that her family had agreed to pay the defendant to bring her to the United States. During secondary inspection, a Nokia Cell Phone and three sim cards were recovered from the defendant.

7. Your deponent interviewed the defendant on June 4, 2012. During that interview, after being advised of his rights, the defendant admitted that Dhara Patel was not his daughter. He stated that an individual telephoned him and asked him to bring Dhara Patel to the United States. The defendant admitted that he was supposed to be paid upon landing at JFK Airport with Dhara Patel. Your deponent also interviewed Dhara Patel, who stated that she met with the defendant prior to departing for the United States, and that he advised her how to dress and how to answer questions when asked by customs inspectors. The defendant and Patel were arrested and arraigned on a complaint before the Honorable Magistrate Judge Joan M. Azrak on June 4, 2012.

8. In my experience, individuals involved in passport fraud conspiracies typically use cell phones and SIM cards for

4

use within these cell phones to communicate with co-conspirators and to store related contact information. Based on the above-described facts, I submit that there is probable cause to believe that the SUBJECT DEVICES contain records of incoming and outgoing telephone calls, missed calls, stored voice mail messages, text messages, photographs, names, addresses, telephone numbers, account numbers, call logs and other information relating to the defendant's criminal activities.

WHEREFORE, I respectfully request that a search warrant issue allowing members of the DSS and other federal agents, with proper assistance from other law enforcement officers, to do the following: search, gain access to, and retrieve from A NOKIA CELL PHONE, MODEL 1209, SERIAL NO. 356027/03/42807/04; BSNL MOBIL PRE-PAID SIM CARD, NO. 8991661152110724326; STARHUB SIM CARD, NO. 896505110623913094; AND DTAC SIM CARD, NO. 8966181009277179327 electronically stored information, including incoming and outgoing telephone calls, missed calls, stored voicemail messages, text messages, photographs, names, addresses, telephone numbers, account numbers, call logs and other information relating to misuse of a passport, all of which may constitute evidence,

fruits, and instrumentalities of violations of, among other statutes, Title 18, United States Code, Section 1544.

                                        Christopher Ray
                                        Special Agent
                                        DOS, DSS

Sworn to before me this
14th day of June, 2012.


_____
THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

6

## ATTACHMENT A
### Property to Be Searched

The property to be searched is A NOKIA CELL PHONE, MODEL 1209, SERIAL NO. 356027/03/42807/04; BSNL MOBIL PRE-PAID SIM CARD, NO. 8991661152110724326; STARHUB SIM CARD, NO. 8965051106239130940; AND DTAC SIM CARD, NO. 8966181009277179327.

**ATTACHMENT B**
Particular Things to be Seized

1. All electronically stored information on the SUBJECT DEVICES described in Attachment A, including: incoming and outgoing telephone calls, missed calls, stored voicemail messages, text messages, photographs, names, addresses, telephone numbers, account numbers, call logs and other information relating to misuse of a passport, all of which may constitute evidence, fruits, and instrumentalities of violations of, among other statutes, Title 18, United States Code, Section 1544.